UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-mj-8455-WM

UNITED STATES OF AMERICA

v.

JANE DOE,
    a/k/a "D.T.,"

    Defendant.

_____/

FILED BY ____SW____ D.C.
Sep 19, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? NO

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? NO

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? NO

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  /s/ Katie Sadlo
KATIE SADLO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 1026417
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1043
Fax: (561) 805-9846
Katie.Sadlo@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JANE DOE,<br>a/k/a "D.T.,"<br><br>*Defendant(s)* | )<br>)<br>)  Case No.   24-mj-8455-WM<br>)<br>)<br>)<br>) |

FILED BY ___SW___ D.C.
Sep 19, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **April 28, 2020** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1542 | False Statement in Application for Passport |
| Title 18, United States Code, Section 1028A | Aggravated Identity Theft |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

Sworn and attested to me by applicant by telephone (FaceTime) per the requirements of Fed. R. Crim. P. 4(d) and 4.1

*Complainant's signature*

Finees Agrait, SA Diplomatic Security Service
*Printed name and title*

Date: September 19, 2024

*Judge's signature*

City and state: West Palm Beach, FL      William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Finees Agrait, Special Agent with the United States Department of State, Diplomatic Security Service (DSS), having been duly sworn, hereby depose and state:

### AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code. That is, I am an officer of the United States who is empowered by law to conduct investigations of, and make arrests for, violations of Title 18 of the United States Code.

2. As a Special Agent for DSS, I am currently assigned to the Miami Field Office in Miami, Florida. I have been employed since July 2022. My duties and responsibilities include conducting criminal investigations of counterfeit and fraudulently obtained passports and visas. I have received training in criminal investigations at the Federal Law Enforcement Training Center and the Foreign Affairs Security Training Center. Prior to being employed with the U.S. Department of State (DOS), I served in the U.S. Army from 2000-2021. I served as a defense attaché at a U.S. Embassy Brazil from 2019-2021 primarily focused on advising diplomatic officials on security matters and collaborating with the host country's armed forces.

3. This affidavit is submitted in support of a criminal complaint against Jane DOE ("**DOE**"), a/k/a "D.T."[1] I respectfully submit there is probable cause to believe **DOE** willfully and knowingly made false statements in the application of a United States passport, in violation of Title 18, United States Code, Section 1542, and committed aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.

---

[1] To protect the victim's identity, this affidavit references the initials of the identity used by **DOE**. These initials correspond to the full alias name listed in the arrest warrant submitted to the Court simultaneously with this complaint application.

4. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officials. This affidavit does not include every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause.

## PROBABLE CAUSE

5. Law enforcement has probable cause to believe that **DOE** used another person's identity to apply for a U.S. passport in 2020. Law enforcement further has probable cause to believe that **DOE** previously used this identity to obtain U.S. passports in 2007 and 2010.

6. On or about April 28, 2020, **DOE**, purporting to be D.T., submitted a U.S. Passport Renewal application, Form DS-82 #XXXXX0722, by mail ("2020 U.S. Passport Renewal Application"). In this passport application, **DOE** listed her social security number as x3344, represented that she was born in 1951 in Austin, Texas, and identified her mailing address as an address in West Palm Beach, Florida. To substantiate her identity and citizenship, **DOE** submitted U.S. passport #XXXXX0900, issued May 12, 2010, in the D.T. identity (the "2010 U.S. Passport").

7. In connection with this application process, **DOE** signed the application in the name of D.T. and declared that all the statements made on the 2020 U.S. Passport Renewal Application were true and correct and that she "ha[d] not knowingly and willfully made false statements or included false documents in support of [the] application."

8. On August 4, 2020, the 2020 U.S. Passport Renewal Application was referred to the National Passport Center (NPC) Fraud Prevention Unit (FPU) due to the following indicators:

- Late issued Social Security Number (Age 27)
- Location of a Death Record via commercial database

9. Utilizing law enforcement and commercial databases, Fraud Program Manager's searches returned a birth and death certificate bearing the name D.T. According to Texas Birth Certificate #142XXXXXXXX, D.T. was born in San Patricio, Texas, on the same month, day, and year listed in **DOE**'s 2020 U.S. Passport Renewal Application. According to Texas Death Certificate #592XX, D.T. died approximately two months after her birth.

10. The FPU forwarded this case to Diplomatic Security for further investigation.

11. Further investigation revealed that **DOE** was previously issued U.S. Passports in 2007 and 2010, in the D.T. identity.

12. To secure the 2010 U.S. Passport used to support the 2020 U.S. Passport Renewal Application, **DOE**, purporting to be D.T., submitted DS-11 #XXXXX2729 application for U.S. passport at the Clerk of the Circuit Court & Comptroller, Palm Beach County in West Palm Beach, Florida ("2010 U.S. Passport Application"). In this passport application, **DOE** listed the same date of birth, social security number, and address listed in her 2020 U.S. Passport Renewal Application and represented that she was born in "San Batricio," Texas. To substantiate her identity, **DOE** submitted a FL Driver's License ending in 7860, in the D.T. identity, but with the picture of **DOE**. To substantiate her citizenship, **DOE** submitted a birth certificate that was filed in 1951 and issued in 1994.[2]

13. On the same date as the 2010 U.S. Passport Application, **DOE** submitted a DS-64 application for a lost or stolen passport. Although **DOE's** DS-64 states that her previous passport was issued in 2005, records show that the passport was issued in 2007. **DOE's** 2007 application for a U.S. passport ("2007 U.S. Passport Application"), in the D.T. identity, listed the same social

---

[2] The file date listed for the birth certificate **DOE** provided in support of her 2010 U.S. Passport Application matches the date D.T.'s birth certificate was recorded.

3

security number, address, and date of birth as the 2010 U.S. Passport Application and 2020 U.S. Passport Renewal Application, but listed her place of birth as San Patricio, Texas.

14. The applicant photographs on the 2007 U.S. Passport Application, 2010 U.S. Passport Application, 2010 U.S. Passport, and 2020 U.S. Passport Renewal Application all appear to depict the same individual, albeit at different ages.

15. The parental names listed on **DOE's** 2007 and 2010 U.S. Passport Applications are almost identical to the parental names listed on D.T.'s birth certificate.[3] **DOE's** 2007 U.S. Passport application slightly modifies the paternal first name listed on D.T.'s birth certificate but includes an identical last name. The paternal name listed on **DOE's** 2010 U.S. Passport application appears to match the paternal name listed on D.T.'s birth certificate exactly. The maternal name listed on **DOE's** 2007 U.S. Passport Application matches the maternal name listed on D.T.'s birth certificate, with the exception of one letter in the maternal first name and one letter in the last name. The maternal name listed on **DOE's** 2010 U.S. Passport Application matches the maternal name listed on D.T.'s birth certificate, with the exception of one letter in the maternal first name and two letters in the last name. The affiant observed the parental names associated with **DOE** correspond to those of D.T.'s family. Your affiant confirmed with D.T.'s living sibling the provided parental names are indeed linked to D.T.

16. Your affiant interviewed D.T.'s living sibling who confirmed that D.T. died in 1951. D.T.'s living sibling was shown a photograph of **DOE** and recognized the person as "Carmen" but could not provide a last name.

---

[3] The paternal name on D.T.'s birth and death certificate appear identical. The maternal first name on D.T.'s birth and death certificate appears identical, but the maternal last name varies slightly.

17. Your affiant confirmed that **DOE** provided the West Palm Beach, Florida address, and Florida Driver's License ending in 7860 listed in her 2020 U.S. Passport Renewal Application, in an application for Social Security disability.

18. Your affiant reviewed one of the Department of Homeland Security's databases, which maintains international border crossings for records of **DOE's** international travel. The results revealed that **DOE** utilized U.S. passport # XXXXX0900 to enter the U.S. four times with the last entry on January 24, 2016, in El Paso at Ysleta Port Entry, a land border crossing in Texas.

19. On September 12, 2024, your affiant conducted a ruse call with **DOE**. During the phone call, **DOE** identified herself as D.T., provided the same West Palm Beach, Florida address, and provided the same last four digits of social security number "3344" to substantiate her identity. Your affiant then asked **DOE** where the 2020 U.S. Passport Renewal Application was mailed from, to which, **DOE** replied that the application was mailed from West Palm Beach, Florida, four years ago.

20. Law enforcement has explored multiples avenues to uncover **DOE**'s true identity. Despite those efforts, **DOE**'s true identity has not yet been uncovered.

[INTENTIONALLY LEFT BLANK]

21. Based on my training and experience, and as further supported by the facts set forth in this Affidavit, I respectfully submit there is probable cause to believe that on or about April 28, 2020, in West Palm Beach, in the Southern District of Florida, **DOE** did willfully and knowingly make a false statement in the application for a U.S. passport, in that she falsely represented her name and date of birth to be the name and date of birth for D.T., in violation of Title 18, United States Code, Section 1542 and Title 18, United States Code, Section 1028A.

_____
Finees Agrait, Special Agent
Diplomatic Security Service

Sworn and Attested to by the Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this  19th  day of September, 2024.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JANE DOE a/k/a "D.T."

**Case No**:   24-mj-8455-WM

Count #: 1

False Statement in Application for Passport

Title 18, United States Code, Section 1542
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000

Count #: 2

Aggravated Identity Theft

Title 18, United States Code, Section 1028A
* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 2 years
* **Max. Supervised Release:** 1 year
* **Max. Fine:**  $250,000

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.